**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEFFERSON COUNTY SCHOOL
DISTRICT R-1,

        Plaintiff - Appellant,

  v.

ELIZABETH E., by and through her
parents, Roxanne B. and David E.,

        Defendant - Appellee.

No. 12-1153

D. Colorado

(D.C. No. 1:10-CV-00741
-WJM-KMT)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **MURPHY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Jefferson County School District R-1 (the "District") appeals the district court's award of attorney fees, pursuant to 20 U.S.C.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1415(i)(3)(B) of the Individuals with Disabilities in Education Act ("IDEA" or the "Act"), to the parents of Defendant-Appellee Elizabeth E. The district court concluded Parents were entitled to reimbursement for the costs of Elizabeth's placement at a private educational facility under the Act. *See* 20 U.S.C. § 1412(a)(10)(C)(ii). The district court also concluded Parents were prevailing parties under 20 U.S.C. § 1415(i)(3)(B) and, therefore, entitled to attorney fees. In this appeal, the District argues Parents were not prevailing parties entitled to attorney fees because the district court's decision ordering reimbursement constituted a "stay put" order requiring the District to maintain the status quo during the pendency of the litigation. *See* 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(d).

This court has an independent obligation to ensure it has subject matter jurisdiction at every stage of the litigation. *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1208 n.10 (10th Cir. 2012). Under the "case or controversy" requirement in Article III of the Constitution, this court lacks the power to decide questions which cannot affect the rights of the litigants before it. *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 918–19 (10th Cir. 2004). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* at 919. (quotations omitted). When determining whether a case is moot, the court

considers "whether granting a present determination of the issues offered will have some effect in the real world." *Id.* (quotation and alteration omitted).

This court has recently affirmed the underlying reimbursement order. *See Jefferson Cnty. Sch. Dist. R-1 v. Elizabeth E. ex rel. Roxanne B.,* No. 11-1334 (10th Cir. Dec. 28, 2012). Because Parents have prevailed in the underlying litigation, a decision of this court as to whether Parents were entitled to attorney fees prior to the resolution of the underlying action would have no effect on the relationship or obligations of the parties. As such, the parties now lack a legally cognizable interest in the outcome. The District's appeal is therefore **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge